■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN CRUZ, Appellant. [602 NYS2d 366] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered February 6, 1990, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, assault in the second degree, and reckless endangerment in the first degree, and sentencing him, as a predicate felony offender, to concurrent terms of 7½ to 15 years and 3½ to 7 years on the weapon and assault charges, respectively, and 3½ to 7 years

on the reckless endangerment charge to run consecutively to the other two sentences, unanimously modified, on the law, to provide that the 3½ to 7 year sentence for reckless endangerment shall run concurrently with the 7½ to 15 year sentence for criminal possession of a weapon, and consecutively to the 3½ to 7 year sentence for assault, and otherwise affirmed.

In this Court's decision and order entered June 29, 1993, we affirmed the defendant's conviction with respect to all but one of the issues raised on appeal, and held the appeal in abeyance only with respect to obtaining clarification from the sentencing court as to whether it was intended that the sentence for reckless endangerment was to run consecutively to the assault count or the weapon possession count, and remanded for that purpose (194 AD2d 488). On July 12, 1993, the sentencing court rearranged the sentences on the several charges in a manner contrary to our instructions, and those sentences are hereby vacated in their entirety.

As explained in our June 29, 1993 decision and order, the convictions for weapon possession and reckless endangerment arose through a single act, and thus the sentences for those convictions were required to run concurrently (Penal Law § 70.25 [2]). It is clear from the record of the proceedings that the sentencing court intended the 3½ to 7 year sentence for reckless endangerment to run consecutively to the 3½ to 7 year sentence for assault. Accordingly, and upon the written consent of the People and defendant-appellant, the sentences are so modified, and the judgment is otherwise affirmed. Concur—Carro, J. P., Ellerin, Rubin and Nardelli, JJ.